# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

| | | |
|---|---|---|
| JAMES TODD WHITAKER, | ) | |
| | ) | Case No. 4:16-cv-38 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| *Defendant*. | ) | |

## ORDER

Before the Court are cross-motions for summary judgment. (Docs. 20, 23.) The Court referred the matter to Magistrate Judge Christopher H. Steger, pursuant to 28 U.S.C. § 636(b) and Rule 72 of the Federal Rules of Civil Procedure for a report and recommendation. On August 11, 2017, Magistrate Judge Steger entered a report and recommendation, recommending that the Court: (1) deny Plaintiff's motion for summary judgment; (2) grant the Commissioner's motion for summary judgment; and (3) affirm the Commissioner's finding that Plaintiff is not disabled under the Social Security Act. (*See generally* Doc. 25.) Plaintiff timely filed objections to Magistrate Judge Steger's report and recommendation (Doc. 26), and Defendant responded (Doc. 27). For the reasons stated herein, the Court will: (1) **ACCEPT** and **ADOPT** the magistrate judge's report and recommendation (Doc. 25); (2) **DENY** Plaintiff's motion for summary judgment (Doc. 20); (3) **GRANT** the Commissioner's motion for summary judgment (Doc. 23); and (4) **AFFIRM** the Commissioner's finding that Plaintiff is not disabled under the Social Security Act.

## I. BACKGROUND

In his report and recommendation, Magistrate Judge Steger detailed the procedural and factual background underlying this matter. The parties have not objected to Magistrate Judge Steger's recitation of the facts, and the Court finds that the facts set forth in the report and recommendation are accurate. Accordingly, for the purposes of reviewing Plaintiff's objections to Magistrate Judge Steger's report and recommendation, the Court **ADOPTS BY REFERENCE** the facts set forth in the report and recommendation. (Doc. 25.)

## II. STANDARD OF REVIEW

The Court must conduct a *de novo* review of those portions of the report and recommendation to which objections are made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1). In doing so, the Court's standard of review is essentially the same as the magistrate judge's—review is limited to determining whether the administrative law judge's ("ALJ") findings are supported by substantial evidence and whether proper legal standards were applied. 42 U.S.C. § 405(g); *Brainard v. Sec'y of Health & Human Servs.,* 889 F.2d 679, 681 (6th Cir. 1989) (per curiam). "Substantial evidence" is "more than a mere scintilla" and means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). If supported by substantial evidence, the Court must affirm the ALJ's findings, even if substantial evidence also supports the opposite conclusion. *Jones v. Comm'r of Soc. Sec.,* 336 F.3d 469, 475 (6th Cir. 2003).

Although the Court is required to engage in a *de novo* review of specific objections, if the objections merely restate the arguments asserted in Plaintiff's earlier motion, which were addressed by the magistrate judge's report and recommendation, the Court may deem those

objections waived. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Id.* The Sixth Circuit has also explained that:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

**III.  ANALYSIS**

In this case, Plaintiff advances four primary objections to the magistrate judge's report and recommendation. Plaintiff argues that the ALJ: (1) conducted an improper "Step Three" evaluation; (2) failed to give appropriate weight to the opinions of Plaintiff's treating physician; (3) failed to give appropriate weight to Plaintiff's testimony; and (4) posed a hypothetical question that was not supported by substantial evidence. (Doc. 26.) Based on these arguments, Plaintiff contends the magistrate judge erred by failing to overrule the ALJ's decision denying him disability benefits. (*See id.*)

### A. Step Three Evaluation

In his objections to the report and recommendation, Plaintiff argues that the ALJ conducted an improper Step Three evaluation.[1] (Doc. 26, at 1.) Plaintiff makes several unique, though interrelated, arguments as to why the ALJ's Step Three evaluation was improper, each of which will be addressed in turn.

#### 1. Listing 14.09D

Plaintiff's first Step Three objection is that the ALJ erred by not specifically addressing Listing 14.09D when Plaintiff's severe impairments of ankylosing spondylitis and psoriatic arthritis meet or equal this listing. (Doc. 26, at 3.) Plaintiff raised this same argument in his motion for summary judgment. (Doc. 20-1, at 7–10.) Magistrate Judge Steger then considered this exact argument and rejected it, finding that the ALJ should have addressed whether Plaintiff's condition satisfied Listing 14.09D, but that it was harmless error because the ALJ sufficiently explained why Plaintiff's impairment did not satisfy Listing 14.09D elsewhere in the record and in the decision as a whole. (Doc. 25, at 7–12.) The Court agrees with Magistrate Judge Steger's well-reasoned report and recommendation affirming the ALJ's decision with respect to this objection. Accordingly, this objection is **OVERRULED**.

#### 2. Standard of Review

Plaintiff's second Step Three objection concerns the standard of review applied by the ALJ in determining whether a particular listing must be addressed at Step Three. (Doc. 26, at 1–3.)

---

[1] At Step Three of the sequential evaluation process, the ALJ is tasked with considering the medical severity of the claimant's impairments. If an impairment meets or equals a listing, the ALJ will find that the claimant is disabled. *See* 20 C.F.R. § 404.1520(a)(4)(iii). The ALJ must also determine a claimant's residual functional capacity, or his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments, before considering Step Four. *See* § 404.1520(e).

4

Plaintiff contends that the correct standard is "whether or not the evidence raises a substantial question that Mr. Whitaker can reasonably meet or equal the requirements of Listing 14.09D." (*Id.* at 3.) Plaintiff argues there is sufficient evidence in the record to show he meets or equals Listing 14.09D, and the ALJ should have addressed that listing. (*Id.*)

At Step Three, the ALJ must find a claimant disabled if his impairment meets or equals a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii). However, the ALJ is not required to address every possible listing. *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 432 (6th Cir. 2014). Rather, the burden at this stage is on the claimant to point to specific evidence in the record that "demonstrates he reasonably could meet or equal every requirement of the listing." *Id.* If the claimant meets his burden, the ALJ is then obligated to address the particular listing. *Huskey v. Colvin*, No. 3:15-cv-279, 2016 WL 6573796, at *5 (E.D. Tenn. Aug. 22, 2016). However, an ALJ's failure to address the listing is not fatal "if elsewhere in the disability determination, the ALJ provides a reasoned explanation as to why the claimant's impairment does not satisfy a listing." *Id.* (citing *Bledsoe v. Barnhart*, 165 F. App'x 408, 411 (6th Cir. 2006)).

Plaintiff correctly asserts that the standard for determining whether the ALJ was obligated to address a particular listing at Step Three is "whether or not the evidence raises a substantial question that Mr. Whitaker can reasonably meet or equal the requirements of Listing 14.09D." (Doc. 26, at 3.) However, Plaintiff's point is inapplicable in the instant case because the magistrate judge already correctly determined that the ALJ should have addressed Listing 14.09D.[2] (Doc. 25, at 7–12.) The real issue, then, is whether the ALJ's failure to address the listing was harmless error.

---

[2] As detailed above in section III.A.1, this Court agrees with Magistrate Judge Steger that the ALJ should have expressly addressed Listing 14.09D in his opinion and adopts his reasoning.

5

Plaintiff relies on *Huskey* to support its argument that the ALJ's failure to address Listing 14.09D at Step Three was not harmless error. (*See* Doc. 26, at 2.) The court in *Huskey* found that the ALJ should have addressed a specific listing at Step Three and failed to do so. 2016 WL 6573796, at *5. However, the *Huskey* court, after reviewing the record as a whole, was "unable to conclude that the remainder of the ALJ's decision provides sufficient analysis or discussion that would shed some light as to why the Plaintiff's impairment neither met nor equaled" the relevant listing. *Id.* at *6. Instead, the decision offered only a "summarization of the evidence, not an 'explained conclusion, in order to facilitate judicial review.'" *Id.* In contrast, here the ALJ examined the record, sufficiently explained why Plaintiff's impairment did not satisfy Listing 14.09D, and made findings incompatible with a conclusion that Plaintiff meets Listing 14.09D. (Doc. 25, at 11.) As detailed above, the Court agrees with Magistrate Judge Steger's well-reasoned report and recommendation affirming the ALJ's decision with respect to this objection. Accordingly, this objection is **OVERRULED**.

3. Residual Functional Capacity

Plaintiff next objects to the ALJ's assessment of his residual functional capacity ("RFC"). (Doc. 26, at 7.) In his motion for summary judgment, Plaintiff challenged the ALJ's RFC finding on the ground that it was not based on any particular medical opinion. (Doc. 20-1, at 11–15.) Magistrate Judge Steger addressed this contention in his report and recommendation, finding that the ALJ "evaluated the medical evidence of record, Plaintiff's testimony and credibility, and Plaintiff's reports of daily activities." (Doc. 25, at 18.) Ultimately, Magistrate Judge Steger found that substantial evidence supported the ALJ's RFC determination. (*Id.*)

Plaintiff now challenges the RFC on a different basis, taking issue with the ALJ's finding that Plaintiff's concentration was not severely impacted because he had previously obtained a

college degree and because his prior work was highly skilled. (Doc. 26, at 7.) Plaintiff asserts that he obtained the college degree prior to the onset of arthritis. (*Id.*) Additionally, he contends that a finding that he was capable of highly skilled work in the past does not support a finding that he does not currently have issues with concentration. (*Id.* at 8.)

Plaintiff correctly points out that he had already received his college degree prior to his onset date. (Doc. 14, at 29.) However, Plaintiff did perform skilled work after his 2008 arthritis diagnosis. (Doc. 14, at 170, Doc. 18, 23–24.) Moreover, a review of the record shows that, in determining Plaintiff's RFC, the ALJ relied on "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McGrew v. Comm'r of Soc. Sec.*, 343 F. App'x 26, 31 (6th Cir. 2009) (citation omitted). The ALJ considered medical opinions from Plaintiff's treating physician, Dr. Sain, as well as a consulting physician, Dr. Wilson, and two psychologists, Dr. Bramble, and Dr. Bloodgood. [Tr. 28–30.]. The ALJ further considered Plaintiff's testimony, credibility, and his own accounts of his daily activities. [Tr. 26–34.] Even discounting the ALJ's statement regarding Plaintiff's college degree, the Court agrees with Magistrate Judge Steger's well-reasoned report and recommendation that the RFC finding is supported by substantial evidence. Accordingly, this objection is **OVERRULED**.

### B.  Weight Given to Medical Opinion of Treating Physician

In his motion for summary judgment, Plaintiff argued that the ALJ failed to give appropriate weight to the opinion of his treating physician. (Doc. 20-1, at 11–15.) Magistrate Judge Steger considered this exact argument and rejected it, finding that the ALJ provided good reasons for discounting the treating physician's opinions. (Doc. 25, at 12–18.) The Court agrees with Magistrate Judge Steger's well-reasoned report and recommendation affirming the ALJ's decision with respect to this objection. Accordingly, this objection is **OVERRULED**.

### C. Weight Given to Plaintiff's Testimony

In his motion for summary judgment, Plaintiff argued that the ALJ failed to give appropriate weight to Plaintiff's own testimony. (Doc. 20-1, at 15–21.) Magistrate Judge Steger considered this exact argument and rejected it, finding that the ALJ provided good reasons for discounting the credibility of Plaintiff's statements. (Doc. 25, at 18–22.) The Court agrees with Magistrate Judge Steger's well-reasoned report and recommendation affirming the ALJ's decision with respect to this objection. Accordingly, this objection is **OVERRULED**.

### D. Hypothetical Question

Finally, in his motion for summary judgment, Plaintiff argued that the hypothetical question posed by the ALJ was not supported by substantial evidence because it was not based on a medical opinion contained in the record. (Doc. 20-1, at 21–23.) In his objections to the report and recommendation, Plaintiff raises an additional argument—that the hypothetical question was not supported by substantial evidence because it was based in part on "speculative reasoning." (Doc. 26, at 13.) Plaintiff contends that the finding that his concentration "has not been severely impacted as shown by his college degree and by the vocational expert's testimony that his prior work was highly skilled" is not substantial evidence. He asserts that he obtained the college degree prior to the onset of arthritis. (*Id.*) Additionally, he disputes that "because [he] at one point [was] capable of highly skilled work in the past means [he] cannot now have an issue with concentration is speculative reasoning." (*Id.*)

This argument has been resolved above, and the Court agrees with Magistrate Judge Steger's well-reasoned report and recommendation affirming the ALJ's decision with respect to the RFC. Accordingly, this objection is **OVERRULED**.

IV.     **CONCLUSION**

For the reasons stated herein, the Court hereby: (1) **ACCEPTS** and **ADOPTS** the magistrate judge's report and recommendation (Doc. 25); (2) **DENIES** Plaintiff's motion for summary judgment (Doc. 20); (3) **GRANTS** the Commissioner's motion for summary judgment (Doc. 23); and (4) **AFFIRMS** the Commissioner's finding that Plaintiff is not disabled under the Social Security Act.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**